UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01541-JPH-DML |
| | ) |
| T. SOLOMON, | ) |
| J. D. BALLENGER, | ) |
| C. WARGNY, | ) |
| J. NIEDERHELMAN, | ) |
| J. DOWNS, | ) |
| C. CONYERS, | ) |
| M. BRYANT, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Motion for Leave to Proceed *In Forma Pauperis*,
Screening Complaint, and Directing Service of Process**

Plaintiff Ra'mar Daniels is a prisoner currently incarcerated at Pendleton Correctional Facility. He alleges in this civil action that the defendants have retaliated against him in various ways in response to his grievances and lawsuits, particularly his lawsuit against defendant Downs. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Order on *In Forma Pauperis* Status**

The plaintiff's motion to proceed *in forma pauperis,* dkt. [7], is **granted**. Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. The Complaint

The complaint names seven defendants: Caseworker T. Solomon, Supervisor of Classification J.D. Ballenger, Administrative Assistant C. Wargny, Caseworker J. Neiderhelman, Officer J. Downs, Grievance Specialist C. Conyers, and Deputy Warden M. Bryant. Mr. Daniels makes the following allegations.

On June 30, 2022, Supervisor of Classification Ballenger approved Mr. Daniels for a transfer to a security level three facility. But after Mr. Daniels filed grievances against other prison

officials who are friends with Supervisor Ballenger, Supervisor Ballenger retaliated against Mr. Daniels by changing his recommendation back to security level four and denying Mr. Daniels' request for a transfer.

On June 11, 2022, Caseworker Niederhelman falsely alleged that Mr. Daniels failed to complete a program assignment in retaliation for Mr. Daniels' lawsuit against Officer Downs. Administrative Assistant Wargny refused to preserve video evidence that would prove Mr. Daniels completed the program assignment. She did this in retaliation for Mr. Daniels' grievances and lawsuits.

On July 6, 2022, Officer Downs retaliated against Mr. Daniels for his lawsuit against her. Officer Downs told Mr. Daniels that he would not like what he received in the mail and that he would not be allowed to transfer facilities. Mr. Daniels then received a denial of his request for transfer. The Court construes these allegations to be that Officer Downs influenced other prison officials to deny Mr. Daniels' request for transfer.

On July 7, 2022, Caseworker Solomon escorted Mr. Daniels to an attorney teleconference. As they walked, Caseworker Solomon squeezed Mr. Daniels' arm until it was bruised and painful. He told Mr. Daniels things would get better for him if he dropped his lawsuit against Officer Downs. Mr. Daniels was denied medical attention for his injury.

On July 14, 2022, Deputy Warden Bryant threatened to bring a disciplinary charge against Mr. Daniels in retaliation for Mr. Daniels' grievances, lawsuits, and his attempts to have false allegations against him corrected.

Finally, Grievance Specialist Conyers is retaliating against Mr. Daniels for filing grievances and lawsuits by refusing to process his grievances.

Mr. Daniels seeks injunctive relief and compensatory and punitive damages.

## IV. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*. at 1430-31(internal citations omitted). Because Mr. Daniels had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). Thus, any Fourteenth Amendment claim against Grievance Specialist Conyers is **dismissed**.

However, when done for retaliatory reasons, a denial of access to the grievance process can violate the Constitution. *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987) (district court reversed for dismissing complaint challenging otherwise permissible prison transfer because of sufficient allegation of retaliation). Thus, Mr. Daniels's First Amendment retaliation claim against defendant Conyers shall proceed along with retaliation claims against the other defendants. In addition, Mr. Daniels' Eighth Amendment excessive force and deliberate indifference claims against defendant Solomon shall also proceed. This summary of claims includes all the viable

claims identified by the Court. All other claims have been dismissed. If Mr. Daniels believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 17, 2022,** in which to identify those claims.

### V. Preliminary Injunction

In his request for relief, Mr. Daniels includes a request for preliminary injunction requiring his transfer to another correctional facility. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*. If Mr. Daniels wishes to pursue preliminary injunction, he shall file a separate motion for preliminary injunction addressing the requirements discussed above.

### VI. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/23/2022

                                                  James Patrick Hanlon
                                                  United States District Judge
                                                  Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:

    T. Solomon
    J.D. Ballenger
    C. Wargny
    J. Niederhelman
    J. Downs
    C. Conyers
    M. Bryant
        (All at Pendleton Correctional Facility)